IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

SHERRY TOMEY, Guardian of the
Estate of Novalene Kent, a minor                                                                PLAINTIFF

v.                              Case No. 2:19CV-00139 - JM

SOUTHERN FARM BUREAU
CASUALTY INSURANCE COMPANY                                                                      DEFENDANT

**BRIEF IN SUPPORT OF
MOTION TO CERTIFY QUESTION OF LAW
TO THE ARKANSAS SUPREME COURT**

Pending are Plaintiff's Motion for Summary Judgment and Farm Bureau's Cross-Motion for Summary Judgment. The parties agree on all material facts. The parties further agree that the legal question to be answered here is simple – does the State of Arkansas recognize an exception to the parental-immunity doctrine under these facts, when there is a direct, breach of contract action against an insurer for underinsured motorist benefits? In the alternative to summary judgment in either party's favor, Plaintiff respectfully requests that the Court certify this question to the Arkansas Supreme Court.

**I.    Applicable Standard**

The Supreme Court may, in its discretion, answer questions of law certified to it by order of a federal court of the United States if there are involved in any proceeding before it questions of Arkansas law which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court. Ark. R. S. Ct. 6-8(a)(1). This rule may be invoked upon motion of a federal court of the United States or upon motion of any party to the cause pending before the court. Ark. R. S. Ct. 6-8(b).

This procedure: 1) allows federal courts to avoid mischaracterizing state law (thereby avoiding a misstatement that might produce an injustice in the particular case and potentially mislead other federal and state courts until the state supreme court finally, in other litigation, corrects the error); 2) strengthens the primacy of the state supreme court in interpreting state law by giving it the first opportunity to conclusively decide an issue; 3) avoids conflicts between federal and state courts, and forestalls needless litigation; and 4) protects the sovereignty of state courts. *Longview Production Co. v. Dubberly*, 352 Ark. 207, 209, 99 S.W.3d 427, 428 (2003) (citations omitted).

The Supreme Court will accept certification of a question of Arkansas law only where all facts material to the question of law to be determined are undisputed, and there are special and important reasons therefor, including, but not limited to, any of the following:

A. The question of law is one of first impression and is of such substantial public importance as to require a prompt and definitive resolution by the Supreme Court.

B. The question of law is one with respect to which there are conflicting decisions in other courts.

C. The question of law concerns an unsettled issue of the constitutionality or construction of an Arkansas statute.

*Dubberly*, 352 Ark. at 210.

**II.    This question is outcome determinative and is of such substantial public importance as to require a prompt and definitive resolution by the Supreme Court.**

Plaintiff and Farm Bureau both seek a proper and just outcome that comports with Arkansas law. This question is of significant public importance because the precise parameters of the parental-immunity doctrine, particularly with respect to motor vehicle accidents, must be set

forth in Arkansas case law before it can be understood by parents and their children. In Nova's case, the stakes could not be higher. She has suffered tremendous losses, and her mother, now deceased, purchased underinsured motorist coverage from Farm Bureau to help cover those losses.

The legal community will likewise benefit from the guidance this case will provide, thereby resulting in proper and just, prelitigation outcomes and the elimination of further litigation on the issue. As an alternative to summary judgment, therefore, Plaintiff respectfully requests that the Court certify this question to the Arkansas Supreme Court.

WHEREFORE, Plaintiff prays that the Court grant her Motion to Certify Question to the Arkansas Supreme Court in the alternative to summary judgment in either party's favor; hold a hearing on this matter should the Court deem it beneficial; and for all other relief deemed equitable and just.

Respectfully submitted,

Tim Reed
Bar Number 2012210
Attorney for Plaintiff
Reed Firm, P.A.
400 W. Capitol Ave., Ste. 1700
Little Rock, Arkansas 72201
Telephone: 501-400-7919
Email: tim@reedfirmpa.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I filed a copy of the foregoing via the Court's CM/ECF filing system on this 21st day of February 2020, which shall provide service and notice to the following counsel:

Mr. Andy Turner
Mr. Kaleb Jones
Turner Law Firm, P.A.
P.O. Box 1225
Cabot, Arkansas 72023

                                          /s/ *Tim Reed*
                                          Tim Reed