**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**SHERRY TOMEY, Guardian of the**
**Estate of Novalene Kent, a minor**                                   **PLAINTIFF**

**V.**                                    **CASE NO. 2:19CV00139 JM**

**SOUTHERN FARM BUREAU**
**CASUALTY INSURANCE COMPANY;**
**REGINA MOBLEY; and JOHN DOES 1-5**                     **DEFENDANTS**

### CERTIFICATION ORDER

This Court certifies to the Supreme Court of Arkansas a question of law that

may be determinative of this case and as to which this Court finds that there is no

controlling precedent in the decisions of the Supreme Court of Arkansas.

### I.      QUESTION OF LAW TO BE ANSWERED

Does the State of Arkansas recognize an exception to the parental-immunity

doctrine when a direct-action suit against a motor vehicle liability insurance carrier for

*underinsured* motorist coverage is at issue and when *underinsured* motorist benefits are

the damages requested?

### II.      FACTS RELEVANT TO THE QUESTION

Pursuant to Rule 6-8(c)(2) of the Rules of the Arkansas Supreme Court of the

State of Arkansas, the parties agree upon the following statement of facts relevant to the

question.

1. On April 18, 2016, Novalene Kent, then three years old, was traveling in a

Dodge Grand Caravan with her mother, Christina Buchanan, who was driving.

2. While traveling in the Caravan, Nova and Ms. Buchanan were in a collision that killed Ms. Buchanan and caused a severe brain injury to Nova.

3. The Caravan was owned by Anthony Ray and insured by The Hartford with a $25,000 bodily injury liability policy.

4. Following the collision and as a result of Nova's injuries, The Hartford offered the full amount of the $25,000 bodily injury liability coverage to Nova in exchange for a release of negligence claims against Ms. Buchanan and Mr. Ray.

5. Nova, through her guardian, accepted the $25,000 bodily injury liability settlement.

6. At the time of the April 18, 2016 accident, Ms. Buchanan had underinsured motorist coverage on her Farm Bureau policy, Policy No. MV01224584, in the amount of $50,000.

7. Ms. Buchanan's Farm Bureau policy states:

> We will pay damages for bodily injury which a covered person is legally entitled to recover from the owner or operator of an underinsured auto. Bodily injury must be caused by an accident arising out of the ownership, maintenance or use of the underinsured auto.
>
> We will pay under this coverage only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements.

8. Ms. Buchanan's Farm Bureau policy provides coverage for her and any member of her family residing in her household.

9. At the time of the April 18, 2016 accident, Nova was a member of Ms. Buchanan's family residing in her household.

10. Nova's injuries were caused by an accident arising out of Christina Buchanan's negligent operation of Anthony Ray's underinsured Caravan.

11. The applicable bodily injury liability policy has been exhausted by way of settlement with The Hartford.

12. Nova submitted a claim for underinsured motorist coverage with Farm Bureau for the policy limits of $50,000.

13. Farm Bureau has denied the underinsured motorist coverage, asserting that, because Ms. Buchanan was the operator of the underinsured vehicle, Nova is not legally entitled to recover due to the parental-immunity doctrine.

### III. COMMENT BY THE UNITED STATES DISTRICT COURT

It appears that this issue is one of first impression in Arkansas.  In *Fields v. S. Farm Bureau Cas. Ins. Co*., 350 Ark. 75, 87 S.W.3d 224 (2002) the Arkansas Supreme Court recognized an exception to the parental-immunity doctrine where the source of recovery is uninsured motorist benefits under a motor vehicle liability policy.  *Id*. at 230.  Here, Defendant argues that the exception created in *Fields* does not extend to the Plaintiff's claim because the recovery sought by Plaintiff is under an underinsured motorist policy.

### IV.     REFORMULATION OF THE QUESTION

The United States District Court hereby acknowledges that the Supreme Court of Arkansas, acting as the receiving court, may reformulate the question presented.

### V.     COUNSEL OF RECORD AND PARTIES

The attorneys of record in the case pending before this Court are as follows.

Attorney for the Plaintiff, Sherry Tomey, Guardian of the Estate of Novalene Kent, a

Minor:

> Timothy Paul Reed
> Reed Firm, P.A.
> 400 West Capitol Avenue
> Suite 1700
> Little Rock, AR 72201
> 501-400-7919
> Fax: 501-340-0678
> Email: timothypreed@icloud.com


Attorneys for Southern Farm Bureau Casualty Insurance Agency:

> Andy Lee Turner
> Kaleb M. Jones
> Turner Law Firm, P.A.
> Post Office Box 1225
> Cabot, AR 72023-1225
> 501-941-2210
> Fax: 501-941-0010
> Email: andy@turnerlawfirmpa.com
>       kaleb@turnerlawfirmpa.com


## VI.

The Clerk of the Court is hereby directed to forward this Certification Order to

the Supreme Court of Arkansas under his official seal.

IT IS SO ORDERED this 23rd day of June, 2020.


_____
James M. Moody Jr.
United States District Judge